UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROL GAYLOR, )
an individual, )
 )
    Plaintiff, )
 )
vs. ) CASE NO.: 3:23-cv-1429
 )
BRAVE RIFLES, P.A., )
a Florida Corporation, )
 )
    Defendant. )
_____/

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, CAROL GAYLOR, by and through her undersigned counsel, hereby files this Complaint and sues BRAVE RIFLES, P.A., a Florida Corporation, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3.    Plaintiff, CAROL GAYLOR, (hereinafter referred to as "Mrs. Gaylor") is a resident of the State of Florida in St. John's County.

1

4. Plaintiff is a qualified individual with a disability under the ADA. Plaintiff suffers from fibromyalgia, as well as multiple herniated disks in her neck and back. As a result, she is permanently disabled.

5. Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a cane for mobility.[1]

6. Defendant, BRAVE RIFLES, P.A., (hereinafter referred to as "Defendant") is a Florida Corporation, registered to do business in the State of Florida. Upon information and belief, Defendant is the owner of the real property and improvements, which is the subject of this action, to wit: Island Doctors Plaza, generally located at 2460 Old Moultrie Rd, St. Augustine, FL 32086 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida, in St. John's County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a medical office building with numerous doctor's offices, is consequently a place of public accommodation subject to the ADA.

10. Plaintiff has visited the Property discussed herein over the past year, previously had medical appointments at the Property, however is currently deterred from visiting the Property

---

[1] Plaintiff is capable of walking short distances without assistance on good days.

again due to the dangerous barriers to access discussed herein. Plaintiff most recently visited the Defendant's Property in early December, 2023.

11. During her visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would visit more often because of its convenient location less than two (2) miles from her residence.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to the goods and services offered at the Property which is owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property for her medical needs but fears that she will be subjected to the same architectural barriers which remain there in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered/reduced her access:

  A. Plaintiff personally encountered that all of the parking spaces intended for disabled use at the Property contain surface slopes well in excess of 1:48 and pavement in disrepair. These conditions represented a dangerous tripping/slipping hazard for the Plaintiff as she attempted to transfer into and out of her vehicle and maneuver to the sidewalk.

  B. Plaintiff personally encountered that all of the parking spaces intended for disabled use at the Property include inadequate ADA signage which are too small to properly identify the spaces as exclusively for disabled use.

      C.      Plaintiff personally encountered inaccessible curb ramps leading from the intended ADA parking spaces to the property sidewalk due to excessive running slopes, steep side flare slopes and disrepair.  Additionally, these ramps improperly protrude into the access aisles of the intended ADA parking spaces.  These conditions made it difficult and unsafe for Plaintiff to safely maneuver to the property entrances and presented a falling/tripping hazard.

15.      To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.      Independent of her intent to return for her medical needs because of its convenient location, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.  However, as noted above, Plaintiff is currently deterred from visiting the Property despite her desire to return due to the dangerous barriers to access at the Property.

17.      Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18.      Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.      Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.  That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B.  That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

C.  That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.  That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E.  That this Court awards such other and further relief as it deems necessary, just and proper.

Date: December 6, 2023

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@kumussman.com

By: */s/ Louis I. Mussman*
Louis I. Mussman, Esq. (Lead Counsel)
(FL Bar # 597155)
Brian T. Ku, Esq.
(FL Bar #: 610461)